IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATHANIEL MAURICE COSTLEY, ) | |
| ) | |
| Appellant, ) | |
| ) | Civil Action No. 22-cv-3265-LKG |
| v. ) | |
| ) | Dated: March 14, 2024 |
| REBECCA A. HERR, ) | |
| ) | |
| Appellee. ) | |
| ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

In this bankruptcy appeal, Appellant *pro se*, Nathaniel Maurice Costley, appeals the United States Bankruptcy Court for the District of Maryland's ("Bankruptcy Court") order denying confirmation of his Chapter 13 Plan, without granting him leave to further amend the plan, pursuant to 28 U.S.C. § 158(a) and Rule 8002 of the Federal Rules of Bankruptcy Procedure.  ECF No. 11 at 5.  Appellee, Rebecca A. Herr, in her capacity as the Chapter 13 Trustee, requests that the Court affirm the Bankruptcy Court's order, because the Bankruptcy Court correctly determined that Appellant's Plan was not feasible.  ECF No. 12 at 9.  No hearing is necessary to resolve this appeal.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court **AFFIRMS** the Bankruptcy Court's order.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**[1]

   **A.   Factual Background**

In this bankruptcy appeal, Appellant *pro se*, Nathaniel Maurice Costley, appeals the Bankruptcy Court's order denying confirmation of his amended Chapter 13 Plan (the "Amended Plan"), without granting him leave to further amend.  ECF No. 11 at 10.  Appellant also appears to challenge the Bankruptcy Court's decisions to allow a witness to testify, and to admit certain

---

[1] The facts recited in this memorandum opinion are taken from the record before the Bankruptcy Court in this matter.

1

evidence, during an evidentiary hearing held in this matter on August 12, 2022. *Id*. at 11-15; 18-25. As relief, Appellant requests, among other things, that the Court reverse the Bankruptcy Court's December 6, 2022, Order. *Id*. at 25-26.

### Appellant's Chapter 13 Bankruptcy

As background, on March 10, 2022, Appellant filed a voluntary Chapter 13 petition with the Bankruptcy Court. *See generally*, Bk. Dkt. ECF No. 1. Appellant's Chapter 13 statement of monthly income and calculation of commitment period (Official Form 122C-1), which was filed in the Bankruptcy Court on March 11, 2022, shows that Appellant is below median income and has a current monthly income of $600.00 per month. Bk. Dkt. ECF No. 6.

Appellant's Schedule I Form (Official Form 106I), which was filed in the Bankruptcy Court on March 24, 2022, also shows that Appellant is unemployed and receiving family support payments in the amount of $600.00 per month. Bk. Dkt. ECF No. 17 at 32-33. In addition, Appellant's Schedule J Form (Official Form 106J), which was filed in the Bankruptcy Court on March 24, 2022, shows that Appellant has $233.00 in monthly expenses, resulting in a monthly net income of $367.00. Bk. Dkt. ECF No. 17 at 39.

### Appellant's Initial Plan And SPS's Motion For Relief

On April 22, 2022, Appellant filed a Chapter 13 Plan (the "Plan") with the Bankruptcy Court. Bk. Dkt. ECF No. 24. On April 29, 2022, creditor Select Portfolio Services ("SPS") filed an objection to confirmation of the Plan. Bk. Dkt. ECF No. 25.

On June 1, 2022, SPS filed a motion for relief from the automatic stay, seeking to proceed with a foreclosure sale of the Appellant's property. Bk. Dkt. ECF No. 28. The meeting of creditors took place on August 4, 2022. Bk. Dkt. ECF No. 45.

On August 12, 2022, the Bankruptcy Court held an evidentiary hearing on SPS's motion for relief from stay, and the Bankruptcy Court, subsequently, denied the motion. Bk. Dkt. ECF No. 46. On September 27, 2022, the Bankruptcy Court issued an order denying confirmation of Appellant's Plan, with leave to amend the Plan. Bk. Dkt. ECF No. 47.

### Appellant's Amended Plan And The Bankruptcy Court's Order

On October 6, 2022, Appellant filed an amended Chapter 13 Plan (the "Amended Plan"). Bk. Dkt. ECF No. 49. Appellant's Amended Plan provides as follows:

2

    a.  total payment in the amount of $4,241.92 on the State of Maryland's priority domestic support claim;

    b.  total payment in the amount of $125,696.69 on the secured claim from Select Portfolio Services for pre-petition mortgage arrears;

    c.  payments in the amounts of $200.00 per month for 12 months; payments in the amount of $300.00 per month for 12 months; and payments in the amount of $350.00 for 12 months, for a total term of 36 months, for a total amount of $10,200.00 in funding.

Bk. Dkt. at ECF No. 49 at 2-4. And so, the Bankruptcy Court held a confirmation hearing on Appellant's Amended Plan on November 15, 2022. Bk. Dkt. ECF No. 51.

On December 6, 2022, the Bankruptcy Court issued an order denying confirmation of the Amended Plan without leave to amend (the "December 6, 2022, Order"). Bk. Dkt. ECF No. 52. In the December 6, 2022, Order, the Bankruptcy Court held that the proposed Plan "does not fulfill the requirements for confirmation set out in 11 U.S.C. § 1325." *Id.* The Bankruptcy Court also determined that Appellant was "unable to file a Plan that is susceptible to confirmation." *Id*. And so, the Court denied the Amended Plan without leave to amend.

Appellant, alleging error, filed this appeal of the Bankruptcy Court's December 6, 2022, Order on December 16, 2022. ECF No. 1.

### B. Procedural Background

On December 16, 2022, Appellant filed a notice of appeal of the Bankruptcy Court's December 6, 2022, Order denying confirmation of his Amended Plan without leave to amend. ECF No. 1. On January 4, 2023, the record on appeal was transmitted to this Court, without Appellant's designation of record on appeal. ECF No. 3.

On May 8, 2023, Appellant filed the designation of record on appeal. ECF No. 6. On August 18, 2023, Appellant filed his brief. ECF No. 11. On September 15, 2023, Appellee filed her brief. ECF No. 12.

### III. LEGAL STANDARDS

#### A. *Pro se* Litigants

Appellant is proceeding in this bankruptcy matter without the assistance of counsel. And so, the Court must construe his filings liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

3

### B. Bankruptcy Court Appeals

Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction over appeals from bankruptcy courts with respect to final judgments, orders, and decrees. 28 U.S.C. § 158(a). "On appeal from the United States Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law de novo." *R&J Contractor Servs., LLC v. Vancamp*, 652 B.R. 237, 241 (D. Md. 2023) (citing *In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001)).

### C. Section 1325

Chapter 13 of the United States Bankruptcy Code allows debtors with regular income to repay or discharge certain debts after making payments to creditors for a specified commitment period. *See* 11 U.S.C. §§ 1301-30. To obtain such relief, a debtor must propose a debt adjustment plan that meets all the requirements for confirmation, as set forth in the Bankruptcy Code. *See* §§ 1322, 1325.

In this regard, 11 U.S.C. § 1325(a)(6) provides that "the court shall confirm a plan if . . . the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6); *see also Ekweani v. Thomas*, 574 B.R. 561, 569 (D. Md. 2017) (citing *Mort Ranta v. Gorman*, 721 F.3d 241, 253 (4th Cir. 2013)) (holding that appellant's proposed plan was not feasible pursuant to 11 U.S.C. § 1325(a)(6) where the plan hinged on the dissolution or significant reduction of appellant's mortgage debt). And so, the debtor, as plan proponent, bears the burden of proving that a proposed plan meets the requirements set forth in 11 U.S.C. § 1325. *See Asfar v. Grigsby*, No. 16-2552, 2017 WL 1063226, at *2 (D. Md. Mar. 20, 2017) (citing *In re Lewis*, 170 B.R. 861, 865 (Bankr. D. Md. 1994)).

## IV. LEGAL ANALYSIS

Appellant appeals the Bankruptcy Court's December 6, 2022, Order denying confirmation of his Amended Plan without further leave to amend upon two primary grounds. First, Appellant argues that the Bankruptcy Court erred by allowing a witness called by SPS to testify, and admitting other evidence, during the August 12, 2022, evidentiary hearing on SPS's motion for relief from the automatic stay. ECF No. 11 at 11-15; 18-25. Second, Appellant argues that the Bankruptcy Court erred in the December 6, 2022, Order by, among other things,

4

not confirming his Amended Plan, or granting him leave to further amend the Amended Plan. *Id*. at 15-17.  And so, Appellant requests that the Court reverse the Bankruptcy Court's December 6, 2022, Order.  ECF No. 11 at 26.

Appellee counters that the only issue in this appeal is whether the Bankruptcy Court properly denied confirmation of Appellant's Amended Plan without leave to amend, upon the ground of unfeasibility.  ECF No. 12 at 7-9.  In this regard, Appellee argues that the Bankruptcy Court properly denied confirmation, because Appellant did not meet his burden to show that his Amended Plan was feasible.  *Id.* at 9-10.  And so, Appellee requests that the Court affirm the Bankruptcy Court's December 6, 2022, Order.  *Id.* at 10.

For the reasons that follow, the evidentiary record shows that Appellant's challenges to the Bankruptcy Court's evidentiary rulings during the August 12, 2022, evidentiary hearing are not properly before this Court.  The evidentiary record also makes clear that Appellant failed to satisfy his burden to show that his Amended Plan was feasible, because he lacks sufficient funds to fund the Amended Plan and the Amended Plan would not resolve his outstanding debts.  And so, the Court AFFIRMS the Bankruptcy Court's, December 6, 2022, Order.

**A.  Appellant Improperly Challenges The Bankruptcy Court's Evidentiary Rulings**

As an initial matter, the Court agrees with Appellee that Appellant cannot challenge the Bankruptcy Court's evidentiary rulings during the August 12, 2022, hearing in this appeal.  In his brief, Appellant identifies the following five issues in this bankruptcy appeal: (1) "whether the Bankruptcy Court erred in allowing the witness to testify on issues that he was coached and could not provide documentation or evidence to support," during the August 12, 2022, evidentiary hearing; (2) "whether the Bankruptcy Court in not confirming Appellant's Chapter 13 Plan or giving Appellant time to Amend Plan in accordance with the Bankruptcy Codes[;]" [sic] (3) "whether the Bankruptcy Court erred in allowing Select Portfolio Services to enter evidence for a debt that was not owed or assumed by Appellant," during the August 12, 2022, evidentiary hearing; (4) "whether the Bankruptcy Court erred in not allowing Appellant to challenge or dispute the claim even though he filed a timely dispute of the claim and the debtor failed to submit the necessary documents as required by law," during the August 12, 2022,

evidentiary hearing; and (5) "whether the Bankruptcy Court erred in ruling Appellant had income as required by the Chapter 13 Bankruptcy Code." ECF No. 11 at 10-11.

Appellant's challenges to the evidentiary rulings of the Bankruptcy Court during the August 12, 2022, evidentiary hearing are not properly raised in this appeal, because Appellant was the prevailing party with regards to SPS's motion for relief from the automatic stay. As the Fourth Circuit has recognized, generally, "a prevailing party cannot appeal from a district court judgment in its favor." *Chesapeake B & M, Inc. v. Harford Cnty., Md.*, 58 F.3d 1005 (4th Cir. 1995). In this case, the evidentiary record makes clear that Appellant was the prevailing party with regards to SPS's motion for relief from the automatic stay, because the Bankruptcy Court denied that motion after conducting the August 12, 2022, evidentiary hearing. *See* Bk. Dkt. ECF No. 46 (denying SPS's motion for relief from automatic stay). Given this, Appellant's arguments that the Bankruptcy Court erred by: (1) allowing a witness called by SPS to testify; (2) allowing SPS to "enter evidence for a debt that was not owed or assumed by Appellant;" and (3) not allowing him to challenge or dispute SPS's claim, during the August 12, 2022, hearing, are not properly raised in this appeal. *Chesapeake B & M, Inc.*, 58 F.3d 1005; *see also* ECF No. 12 at 7-9. And so, the sole issue before the Court is whether the Bankruptcy Court erred by denying confirmation of Appellant's Amended Plan without leave to amend.

### B. The Bankruptcy Court Appropriately Declined to Confirm Appellant's Amended Plan

Turning to the merits of Appellant's challenge of the Bankruptcy Court's order denying confirmation of his Amended Plan without leave to amend, the evidentiary record before the Court also shows that the Bankruptcy Court properly denied confirmation of the Amended Plan as unfeasible.

Title 11, United States Code, Section 1325(a)(6) provides that "the court shall confirm a plan if . . . the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6); *see also Ekweani v. Thomas*, 574 B.R. 561, 569 (D. Md. 2017) (citing *Mort Ranta v. Gorman*, 721 F.3d 241, 253 (4th Cir. 2013) (holding that appellant's proposed plan was not feasible pursuant to 11 U.S.C. § 1325(a)(6) where the plan hinged on the dissolution or significant reduction of appellant's mortgage debt). And so, Appellant bears the burden in this case of proving that his proposed plan meets the requirements set forth in Section 1325. *See Asfar v. Grigsby*, No. 16-2552, 2017 WL 1063226, at *2 (D. Md. Mar. 20, 2017)

6

(citing *In re Lewis*, 170 B.R. 861, 865 (Bankr. D. Md. 1994)).  Appellant has not met this burden here.

In this case, the evidentiary record shows that the Bankruptcy Court correctly determined that Appellant would not be able to make all payments under the Amended Plan, or comply with that plan, as required by Section 1325(a)(6).  In the Amended Plan, Appellant proposes the following monthly payments to resolve his debts:

> [P]ayments in the amounts of $200.00 per month for 12 months; payments in the amount of $300.00 per month for 12 months; and payments in the amount of $350.00 for 12 months, for a total term of 36 months.

Bk. Dkt. at ECF No. 49 at 2.  But Appellant's submissions to the Bankruptcy Court show that Appellant is unemployed and that he receives family support payments in the amount of $600.00 per month.  Bk. Dkt. ECF No. 17 at 32-33.

Appellant's submissions also show that he has a monthly net income of $367.00, after incurring $233.00 in monthly expenses.  Bk. Dkt. ECF No. 17 at 32-33; 39.  Given this, Appellant's proposed payment amounts of $200.00-$350.00 per month, over 36 months, would essentially exhaust his net monthly income.  *See* Bk. Dkt. ECF Nos. 49 at 2; 17 at 32-33; 39.  And so, the Amended Plan would not allow Appellant to "make all payments under and comply with the plan." *See* 11. U.S.C. S 1325(a)(6).

The Bankruptcy Court also appropriately declined to confirm Appellant's Amended Plan, because the proposal fails to resolve all of Appellant's outstanding debts.  The evidentiary record shows that Appellant's Amended Plan proposes: (1) a total payment in the amount of $4,241.92 on the State of Maryland's priority domestic support claim and (2) a total payment in the amount of $125,696.69 on the secured claim from SPS for pre-petition mortgage arrears.  Bk. Dkt. at ECF No. 49 at 3, 4.

To resolve these debts, the Amended Plan proposes payments over 36 months, which would total $10,200.00.  Bk. Dkt. ECF 49 at 2.  Appellant's outstanding debt far exceeds this payment amount.  *Id.* at 3, 4 (showing a proposed payment of $125,696.69 on the mortgage arrears and a proposed payment of $4,241.92 in payment on the priority domestic support claim).  Given this, the Court agrees with the Bankruptcy Court's determination that Appellant's Amended Plan is simply not feasible.

The Court is also satisfied as a final matter that the Bankruptcy Court appropriately declined to grant Appellant leave to further amend his Amended Plan. The evidentiary record makes clear that, after denying confirmation of Appellant's initial Plan on September 27, 2022, the Bankruptcy Court afforded Appellant the opportunity to amend his Plan. Bk. Dkt. ECF No. 47. Appellant did so, and he submitted the Amended Plan on October 6, 2022.

Given this, the record before the Court shows that Appellant has been afforded ample opportunity to propose a Chapter 13 Plan that would meet the requirements of Section 1325(a)(6). *Asfar*, 2017 WL 1063226, at *2. Nonetheless, Appellant has twice failed to do so. And so, the Bankruptcy Court appropriately denied confirmation of Appellant's Amended Plan without leave to further amend the proposal.

For these reasons, the Court AFFIRMS the Bankruptcy Court's December 6, 2022, Order.

## V.     CONCLUSION

In sum, the evidentiary record before the Court demonstrates that Appellant failed to satisfy his burden to show that his Amended Plan was feasible, because he lacks sufficient income to fund the Amended Plan and the Amended Plan would not resolve his outstanding debts. Appellant's remaining challenges in this matter relate to the Bankruptcy Court's evidentiary rulings during the August 12, 2022, evidentiary hearing and these matters are not properly before this Court. And so, the Court **AFFIRMS** the Bankruptcy Court's December 6, 2022, Order.

A separate Order shall issue.

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

8